UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JASON M. NERI,<br><br>         Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>         Defendant. | No. ED CV 13-00508-VBK<br><br>MEMORANDUM OPINION<br>AND ORDER<br><br>(Social Security Case) |

   This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

   Plaintiff raises the following issues:

   1.   Whether the Administrative Law Judge ("ALJ") properly

considered the treating physician's opinion. (JS at 2.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

# I
## THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE, INCLUDING THE OPINION OF A TREATING PHYSICIAN

Plaintiff asserts that the ALJ failed to consider the opinion of treating physician Dr. Prather, who completed a Mental Health Narrative Report on February 8, 2011. (AR 760.) As summarized by Plaintiff in his portion of the JS, Dr. Prather's report concludes that Plaintiff suffers from numerous severe mental impairments which affect his functioning. Essentially, if accepted, Dr. Prather's report would indicate that Plaintiff is disabled. The question for the Court is to determine whether the ALJ properly considered Dr. Prather's report, which, in fact, he ultimately rejected on several bases. (See AR 22.) One basis, which Plaintiff addresses in the JS, is that Dr. Prather utilized terms of art such as "disabled" and "unable to work." Plaintiff's counsel correctly notes that this is not a dispositive reason to reject in its entirety a physician's opinion. The Court has carefully examined the ALJ's Decision to determine whether his companion statement, that the record does not support Dr. Prather's opinion, is supported by substantial evidence. For the reasons to be stated, the Court concludes that it is so supported.

1    In determining Plaintiff's mental residual functional capacity
2 ("MRFC"), the ALJ relied upon numerous discrete sources summarized and
3 cited in his Decision.  First, the ALJ relied upon the opinion of the
4 testifying Medical Expert ("ME"), Dr. Wells.  Dr. Wells had reviewed
5 the evidence in the record, and his conclusions as to Plaintiff's
6 mental functioning were distinct from those of Dr. Prather's.  Dr.
7 Wells indicated that Plaintiff's only "real limitation would be
8 dealing with the public." (AR 38.)
9    The ALJ also substantially relied upon a consultative psychiatric
10 examination performed on January 14, 2010 by Dr. Abejuela. (AR 426-
11 433, 18-19.)  As the ALJ noted, Dr. Abejuela's conclusions did not
12 correlate with the extreme mental functional limitations assessed by
13 Dr. Prather. (See, AR at 432.)  It is apparent to the Court that Dr.
14 Abejuela performed a thorough examination, and his conclusions in
15 numerous spheres are detailed.
16    Additional evidence supported the ALJ's opinion and in
17 particular, his rejection of Dr. Prather's conclusions.  This evidence
18 includes various treatment records including July 1, 2010, where
19 Plaintiff was shown to have a full range of affect and normal thought
20 process, was oriented and alert, and was symptomatic but stable (AR
21 853); November 4, 2010, when Plaintiff "appeared to be stable, sober,
22 functioning well, paid attention, and participated in group topics;"
23 and other records which demonstrate that Plaintiff was functioning
24 within normal limits after a period when he was not using drugs. (See,
25 e.g., AR at 338, 571, 705, 708, 716, 829, 838, 856.)]
26    In addition to these sources, the ALJ relied on the opinions of
27 non-examining State Agency physicians, who also found that Plaintiff
28 had very limited restrictions in mental functioning. (See AR at 20,

citing reports of Drs. Smith and Masters from January 25, 2010 and June 4, 2010, respectively.)

Finally, the ALJ considered opinion evidence of Mr. Wade, Plaintiff's friend, but rejected certain of Mr. Wade's conclusions and opinions because he is not a qualified mental health professional. (See AR at 21-22.)

In sum, it is apparent that the ALJ did not simply reject Dr. Prather's opinion because Dr. Prather was purporting to cross over into areas reserved to the Commissioner; rather, the ALJ concluded that Dr. Prather's opinions as to Plaintiff's mental functioning were extreme, and not in line with the opinions of examining and non-examining physicians. The Court thus concludes that the ALJ relied upon substantial evidence in the record in determining Plaintiff's mental residual functional capacity, and the Court finds no error. Therefore, the decision of the ALJ will be affirmed and the matter will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: December 20, 2013        /s/
                                VICTOR B. KENTON
                                UNITED STATES MAGISTRATE JUDGE

4